IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>    Defendants. | Civil Action No. 23MC 113 SPM<br><br>W.D. Tenn. No. 1:22-cv-01230 |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Plaintiff Consolidated Industries, LLC, d/b/a Weather King ("Weather King") submits this brief in support of its motion to compel JADE Rentals, LLC ("JADE"), a non-party, to comply with its subpoena duces tecum served on February 13, 2023.

### BACKGROUND

This case is pending in the United States District Court for the Western District of Tennessee. Weather King is in the business of manufacturing and selling sheds and other portable buildings. While still employed by Weather King, Defendant Jesse Maupin conspired with the other individual Defendants to steal Weather King's trade secrets, employees, customers, and other business relationships in order to create a competing business enterprise, Defendant American Barn Co. ("ABCO"), and squeeze Weather King out of its Western United States portable buildings market. Weather King alleges the following causes of action: federal and state trade

secrets act violations, breach of the duty of loyalty, interference with business relations, defamation, conversion, unjust enrichment, civil conspiracy, and aiding and abetting. Ex. B to Ex. 1, Am. Compl.

JADE purchases rent-to-own contracts for portable buildings that are sold to end users such that it is assigned the right to collect payments from the end users. Weather King has reason to believe that JADE was privy to Defendants' covert discussions about the formation of ABCO and accompanying nefarious activities and that it provided funding to help launch ABCO. On February 13, 2023, Weather King served JADE with a subpoena directing that it produce by February 24, 2023, documents relating to its communications and other dealings with Defendants. Ex. 1. Weather King believes that the requested documents are relevant to its claims.

JADE did not respond to the subpoena. Before JADE's response deadline, the Defendants filed a motion in the Western District of Tennessee to quash the subpoena. Ex. 3. The court denied that motion, *id.*, and thereafter, Weather King requested that JADE comply with the subpoena. By letter dated August 8, 2023, JADE refused to comply, raising a number of meritless and untimely objections. Ex. 4. Weather King, in an attempt to resolve the dispute over the subpoena without the Court's intervention, responded by letter dated August 22, 2023, and agreed to extend the compliance deadline to September 5, 2023, as well as to narrow and clarify the scope of the requests. Ex. 5. JADE responded by letter dated September 8, 2023, continuing to refuse to produce any documents. Ex. 6. Therein, JADE unilaterally chose to decide that much of what Weather King seeks is irrelevant, taking positions that cannot be reconciled with the Tennessee court's ruling on these same issues.

2

Weather King served similar subpoenas on other rental companies, and they have all complied. Only JADE claims that it should not be required to comply with the subpoena, thus forcing Weather King to seek this Court's intervention.

## LEGAL ARGUMENT

Under Fed. R. Civ. P. 45(d)(2)(B)(i), "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection" of documents responsive to a subpoena.

**I.   JADE has waived any objections to the subpoena.**

Under Rule 45(d)(2)(B), any objection to complying with a subpoena "must be served before the earlier of the time for compliance or 14 days after the subpoenas is served." Although Weather King's subpoena demanded compliance by February 24, 2023, JADE conveyed no objections until submitting its August 8, 2023—more than five months later. Because JADE neglected to timely raise its objections, the Court should deem them waived. *See Young v. City of Chicago*, No. 13 C 5651, 2017 WL 25170, at *6 (N.D. Ill. Jan. 3, 2017) (untimely objections deemed waived).

**II.   JADE's objections lack merit.**

Even if JADE had timely objected to the subpoena, there is no basis for any of the objections it has posed. JADE states that it "will not produce *any* documents, electronically stored information or objections after June 1, 2022, the day YOUR client chose to 'separate' from the Defendants." Ex. 6, p. 2.[1] This position lacks merit for several reasons.

---

[1] As alleged in the Complaint, Weather King discovered Defendants' nefarious plans on June 1, 2022, shortly after Defendant Stephanie Gillespie resigned. That day, it terminated Defendant Jesse Maupin, and the remaining Defendants resigned shortly thereafter. *See* Ex. B to Ex. 1, ¶¶ 27-40. JADE, seemingly advocating for Defendants, argues about whether Defendants

3

### *A.    JADE has improperly withheld information predating June 1, 2022.*

First, JADE has not provided responsive information *before* June 1, 2022. JADE suggests that it was unaware of and had no involvement with Defendants' plans before June 1, 2022, and therefore, has not responsive documents before that date. Specifically, JADE's principal, Douglas Hines, represented that, on June 1, 2022, "I advised David Sullivan [Weather King President] that I was not involved and had *no idea* what had transpired." Ex. 4, 8/8/23 letter (emphasis added). Yet, ABCO has stated in response to discovery that the discussions began in "about the first part of May, 2022." Ex. 7, ABCO 4th Supp. Resp. to Pl.'s Ig. No. 12.

JADE does not claim that responsive information before June 1, 2022, is not discoverable. The Court should require JADE to produce all such information.

### *B.    Weather King is entitled to responsive information after June 1, 2022.*

JADE argues that Weather King has no right to obtain *any* information responsive to its subpoena if the information was generated after June 1, 2022—the day that Weather King and many of the Defendants parted ways. Weather King is not interested in documents relating to JADE's run-of-the-mill business dealings with ABCO after June 1, 2022. Certain information, however, is potentially relevant.

For instance, Weather King requested correspondence and other documents relating to this lawsuit and the claims it has asserted, regardless of time. *See* Ex. 1 hereto at Ex. A, p. 3, No. 3(b) & (c). There is no basis for JADE to arbitrarily claim that Weather King is only entitled to information responsive to those requests before June 1, 2022. Further, Weather King has limited its request of general communications with each of the Defendants (regardless of the topic) until

---

resigned or were terminated (*see* Ex. 6 at 2) even though that issue is completely irrelevant to whether they violated their duties owed under Tennessee law to their employer, Weather King.

4

July 1, 2022—only a month after termination. *Id.* at No. 1. Communications that Defendants had with JADE and others during the first few weeks after their departure may reveal information relevant to Defendants' unlawful conduct.[2]

Moreover, Defendants already objected to the scope of the subpoena and the Tennessee court rejected it. *See* Ex. 3, 6/30/23 Order at 5. In any event, Weather King agreed to narrow the scope of the documents sought (Ex. 5) and JADE still refused to comply.

### III. Weather King's motion should be transferred to the Western District of Tennessee.

Under Fed. R. Civ. P. 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." "Transfer under Rule 45(f) 'allows for consolidation of motions in a single appropriate court, thereby avoiding piecemeal litigation in multiple fora as well as piecemeal appeals.'" *Adderley v. Three Angels Broad. Networks, Inc.*, No. 3:19-MC-00045-NJR, 2019 WL 4204327, at *1 (S.D. Ill. Sept. 5, 2019) (quoting *P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 458 (7th Cir. 2017)). "The term 'exceptional circumstances' is not defined by the rule, but the Advisory Committee Notes to the 2013 Amendments state that 'transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation.'" *Chen v. Fed. Bureau of Investigation*, No. 22-MC-00050-SPM, 2022 WL 17851953, at *1 (S.D. Ill. July 26, 2022) (quoting Fed. R. Civ. P. 45 Advisory Committee Notes).

Here, exceptional circumstances warrant transfer to of Weather King's motion to the Western District of Tennessee. First, that court is much more familiar with this litigation. The

---

[2] For instance, another rental company presented text messages with one of the Defendants that includes June 14, 2022 correspondence—immediately after receiving litigation hold letters from Weather King—demonstrating that Defendants have destroyed relevant evidence.

gravamen of JADE's objections pertain to the relevance of the information sought. Based on its familiarity of the background and issues involved in this case, the Tennessee court is in a much better position to address the merits of JADE's objections.[3]

In addition, transfer will help avoid the possibility of inconsistent rulings, piecemeal litigation, and the disruption of the Western District of Tennessee's case management. In fact, that court has already addressed Defendants' motion to quash Weather King's subpoenas, including its subpoena to JADE. *See* Ex. 3.

Transfer would not unfairly prejudice JADE or cause it any meaningful inconvenience. JADE would not need to retain Tennessee counsel.[4] Further, filings may be submitted electronically through the ECF system and the Tennessee court would likely entertain any hearing via teleconference. *See* Ex. 2 at 1 (noting teleconference hearing on Defendants' motion to quash). In any event, it is not far to travel to Tennessee and, recently, Mr. Hines voluntarily chose to travel to Tennessee to join with Defendants as part of the mediation in this case (which, particularly coupled with Mr. Hines's correspondence, further dispels any notion that JADE is a disinterested bystander in this litigation).

Based on similar circumstances, courts in this district have agreed that transfer is appropriate. For instance, in *Adderley, supra*, the Court noted:

> [The subpoenaed party's] main argument that the documents are irrelevant, cumulative, and burdensome weigh in favor of transfer. The argument "emphasizes the need for the court where the underlying matter lies to decide the matter," because "the court with the most familiarity with the case is better positioned to

---

[3] Indeed, that court has been closely involved in this case (including conducting an in-person discovery hearing) and has already ruled on a number of contested motions. *See, e.g.*, Ex. 2 & 3; Dkt. No. 1:22-cv-01230 (W.D. Tenn.).

[4] Under Fed. R. Civ. P. 45(f), "if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court." JADE's principal, Mr. Hines, is licensed to practice law in Illinois.

6

determine whether the documents are indeed relevant" and could "better balance whatever relevance exists against the need to protect" non-parties. *Patriot Nat. Ins. Grp. v. Oriska Ins. Co.*, 973 F. Supp. 2d 173, 176 (N.D. N.Y. Sept. 23, 2013). This case involves complex issues (demonstrated by [plaintiff's] twenty-count complaint), and the Southern District of Florida has already ruled on discovery disputes (Florida Case, Doc. 117).

* * *

In sum, the Southern District of Florida is well-acquainted with the facts of this case and is in the superior position to resolve the motion to quash. Given the jurisdictional uncertainties and the risk of disrupting the management of the underlying litigation, the Court finds that the interests favoring transfer outweigh [the subpoenaed party's] interests in obtaining local resolution of the motion to quash.

2019 WL 4204327, at *2 (S.D. Ill. Sept. 5, 2019); *see also Chen*, 2022 WL 17851953, at *1 (finding that "[a]djudicating the subpoena here risks inconsistency in rulings," "[t]he underlying case is pending hundreds of miles away in a different district court, and the court here necessarily lacks the insight into and familiarity with the various and potentially complicated issues in that case," and that "the burden on [the subpoenaed party] is low").

## CONCLUSION

JADE has had many months to respond to Weather King's subpoena and has no valid excuse for failing to do so. Weather King requests that JADE be compelled to immediately provide all documents responsive to the subpoena and afford Weather King such other relief to which it may be entitled.

Respectfully submitted,

BUTLER SNOW LLP

/s/ David L. Johnson
David L. Johnson (*pro hac vice* application Forthcoming)
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
(615) 651-6700
david.johnson@butlersnow.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on December 4, 2023, I served the foregoing on the following:

Via Email and U.S. Mail:

Thomas G. Pasternak
Benjamin S. Morrell
Taft Stettinius & Hollister LLP
111 E. South Wacker Drive, Suite 2600
Chicago, IL 60601-4208
Telephone: (312) 527-4000
Fax: (312) 527-4011
TPasternak@taftlaw.com
bmorrell@taftlaw.com
(Counsel for Defendants)

Via U.S. Mail and Facsimile:

Douglas E. Hines
Poplar Street Professional Building
317 East Poplar Street, Suite A
P.O. Box 369
Harrisburg, IL 62946
Telephone: (618) 253-3233
Fax: (618) 252-1103
(Counsel for JADE Rentals, LLC)

/s/ David L. Johnson
David L. Johnson

82446077.v2